IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES R. SLYTER, <br> TDCJ-CID NO. 611361, <br><br> Petitioner, <br><br> v. <br><br> NATHANIEL QUARTERMAN, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-09-0081 |

**MEMORANDUM OPINION AND ORDER**

James R. Slyter, a prisoner at the Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) ("Petition") challenging the outcome of a TDCJ-CID disciplinary hearing. This action will be dismissed because it is baseless.

**I.  Procedural History and Claims**

Slyter is serving a thirty-year sentence pursuant to a 1991 robbery conviction in Harris County, Texas.  See Petition, Docket Entry No. 1 at 1.  He does not challenge the validity of the felony conviction in this petition.  Instead, he challenges the finding of a TDCJ-CID disciplinary hearing officer.  Slyter alleges that he was wrongly found guilty of violating TDCJ-CID contraband rules. After making a finding of guilt, the hearing officer assessed the

following punishments: 45 days of cell restriction, 45 days of commissary restriction, 75 days without contact visitation, a demotion from State Approved Trustee 2 to Line Class 1, and a loss of 30 days of good time. Docket Entry No. 1 at 5. Slyter appealed the disciplinary action, which was upheld by the prison administration. He alleges that his right to procedural due process has been violated. He specifically asserts that he had no knowledge of the contraband (smokeless tobacco) and that there was no evidence linking him to the contraband. He further asserts that the contraband was found in a work area accessible by at least 17 other inmates.

## II.  Analysis

Slyter challenges the outcome of a prison administrative hearing that, among other consequences, resulted in a forfeiture of 30 days of good conduct time. Such a claim may be actionable if the petitioner's date of release under mandatory supervision is actually delayed by a disciplinary proceeding in which his procedural due process rights were violated. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). However, Slyter admits in his Original Petition (Docket Entry No. 1, Page 5) that he is not eligible for such a release. The court has verified Slyter's status on the TDCJ-CID Offender Information Search website, http://168.51.178.33/webapp/TDCJ/index2.htm. Therefore, any loss of good time does not affect the duration of Slyter's incarceration

and is not actionable.  See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

There is no legal basis to Slyter's claim that his rights were violated by the disciplinary hearing officer's order demoting him to a lower classification.  The Constitution does not provide prison inmates with a liberty interest in a particular classification.  Meachum v. Fano, 96 S.Ct. 2532 (1976).  The court liberally construes Slyter's claim regarding his classification change to include an allegation that it has adversely affected his ability to earn good-time credit, which, in turn, may hurt his chances of being released before the expiration of his sentence. Although some prisoners in the Texas prison system may earn good-conduct time to hasten their eligibility for release on parole or mandatory supervision, they do not have an unqualified right to earn good time.  See TEX. GOVT. CODE § 498.003 (West 2004) ("Good conduct time is a privilege and not a right.").  Any contention by Slyter that his rights were violated by the loss of the opportunity to earn good time, which might possibly lead to an earlier release, would be too speculative to implicate a violation of a constitutionally protected liberty interest.  Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997), citing Luken v. Scott, 71 F.3d

-3-

192, 193 (5th Cir. 1995). Moreover, as stated above, Slyter is not eligible for release under mandatory supervision. Similarly, any adverse effects the disciplinary action may have had on Slyter's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995).

The other sanctions imposed on Slyter as a result of the disciplinary officer's finding of guilt (temporary restrictions on cell, visitation, and commissary privileges) are not actionable either. See Kentucky. Dept. of Corrections v. Thompson, 109 S.Ct. 1904, 1908-09 (1989) (holding that an inmate's interest in visitation does not rise to a liberty interest protected under the Due Process Clause); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (prison officials may exercise their discretion with regard to inmates' visitation privileges); Malchi, 211 F.3d at 958 (5th Cir. 2000) (prisoner's thirty-day loss of commissary privileges and cell restriction due to prison disciplinary action did not implicate any concerns protected by due process). Slyter is a convicted felon who is legally incarcerated. His liberty interests are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). The restrictions imposed on Slyter are merely temporary changes in the conditions of his

confinement, which are not atypical, significant deprivations actionable in a federal proceeding. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Slyter's habeas petition will be dismissed because it lacks an arguable basis in law. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III. Certificate of Appealability

A Certificate of Appealability ("COA") will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may

deny a COA, <u>sua sponte</u>, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Slyter has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a COA from this decision will not be issued.

## IV.  Conclusion

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 4) is **GRANTED**.

3. A Certificate of Appealability is **DENIED**.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by sending one copy of each to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 21st day of January, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE